PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Martin ZAMORA, Defendant-Appellee.

No. 85SA69.

Supreme Court of Colorado,
En Banc.

July 8, 1985.

---

Norman S. Early, Jr., Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., David Dansky, Deputy Dist. Atty., Denver, for plaintiff-appellant.

Arthur S. Nieto, Denver, for defendant-appellee.

PER CURIAM.

The People file this interlocutory appeal from a February 19, 1985, order of the Denver District Court which suppresses certain statements obtained from two prosecution witnesses. We affirm the district court's order.

This is the second opportunity we have had to review this case. The procedural history of this case and a more detailed rendition of the facts can be found in *People v. Zamora*, 695 P.2d 292 (Colo.1985).

On June 15, 1984, the Denver District Court entered an order *nunc pro tunc* May 15, 1984, which prohibited the People from using certain statements obtained from two witnesses: Miguel Perez and Bernardo Hernandez. These two individuals had been arrested and had given statements to the police. The statements were suppressed on the ground that they resulted from the defendant's unlawful arrest.

On July 20, 1984, we issued a rule to show cause why the order of the trial court, suppressing the statements, should not be reversed. We later discharged the rule and remanded the case "for further findings and such additional evidence as the court may, in its discretion, permit." *People v. Zamora*, 695 P.2d 292, 299 (Colo. 1985). We found it necessary to remand the case because the trial court's findings were inconsistent: At one point in the order, the court indicated that the arrests of Perez and Hernandez were independent of the defendant's arrest; and at another point, it indicated that the arrests were dependent on the defendant's arrest. The factual determination of whether the arrests were dependent or independent is essential since the defendant could only have the statements of these witnesses suppressed if their arrests arose from and were directly dependent upon his illegal arrest. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

On remand, the trial court saw no need to take additional evidence. The People contend that the trial court erred in ordering that no additional evidence would be permitted. We disagree. We expressly stated in the opinion that the trial court could exercise its discretion regarding whether additional evidence was necessary. *People v. Zamora*, 695 P.2d 292, 299 (Colo. 1985). Whether the arrests of the two witnesses were dependent or independent of the defendant's arrest is a question of fact. As a reading of our prior opinion indicates, there was evidence in the record relevant to this factual issue. However, as explained above and in our prior opinion the trial court's factual findings in its 1984 order were inconsistent. In its order following remand, the trial court clarified and expanded its prior order based upon evidence already received. We perceive no abuse of discretion in the court's determination that additional evidence was unnecessary.

The order of the trial court after remand states that the arrests of Perez and Hernandez were dependent upon the unlawful arrest of the defendant. The court explained that the statement in its earlier order, which indicated that the arrests were independent, was an unfortunate transposition of Officer Johns's testimony and that it did not intend that statement to be a finding that the arrests of Perez and Hernandez were independent of the defendant's arrest.

The district court has now made clear that it finds, as a matter of fact, that

the arrests of Perez and Hernandez were dependent upon the illegal arrest of the defendant. There is sufficient evidence in the record to support this factual finding. Thus, the defendant has standing to suppress these statements. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Therefore, we affirm the order of the district court.